UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 95-192 |
| DWAYNE DORSETT | SECTION "F" |

ORDER AND REASONS

Before the Court is Dwayne Dorsett's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons that follow, the motion is DENIED.

Background

Dwyane Dorsett, a federal prisoner, seeks immediate release from custody on the ground that he should receive credit on his federal sentence for the time he served in state prison on a state-imposed sentence.

On June 8, 1995, a federal grand jury indicted Dorsett on drug and gun charges. On June 29, 1995, Dorsett was brought before a magistrate judge in the Eastern District of Louisiana on a writ of habeas corpus ad prosequendum to appear for his arraignment. Because Dorsett was in state custody at the time—already having been arrested for possessing cocaine and a firearm by state officials—he was temporarily transferred from state to federal custody, so that the United States could pursue the federal charges before the State pursued the state charges. The case was assigned

1

to another section of this Court, Section T.

On February 2, 1996, the United States filed a superseding indictment, charging Dorsett with: (1) conspiracy to possess with the intention to distribute cocaine, (2) aiding and abetting, (3) possession of a firearm during the commission of a drug trafficking crime, and (4) felon in possession of a firearm. On February 5, 1996, Dorsett went to trial on these charges. A jury found him guilty on all counts. On April 24, 1996, Section T of this Court sentenced Dorsett to a total of 180 months imprisonment. Dorsett timely appealed that decision, and on March 17th, 1997, the Fifth Circuit U.S. Court of Appeals dismissed his appeal.

After sentencing, Dorsett was transferred back to state custody so that he could answer the state charges. On January 29, 1997, Dorsett pled guilty to two counts: (1) conspiracy to possess a controlled dangerous substance, and (2) illegal possession of a firearm while in possession of a controlled dangerous substance. The state court sentenced Dorsett to two years on count one and 10 years on count two. The state court ordered that Dorsett's sentences run concurrently "with each other and with any other sentence now serving."

After serving just over 3 years of his state court sentence, on March 17, 2000, Dorsett was paroled. Dorsett was then transferred back into federal custody to begin serving his federal sentence, which he is currently serving.

Shortly after returning to federal custody, Dorsett began challenging his federal sentence. Dorsett has repeatedly requested credit for time served in state custody. These requests have all been based on Dorsett's belief that his federal sentence is subject to the state judge's order that the state sentence run concurrently with "any other sentence now serving."

Dorsett first challenged his federal sentence by filing a complaint with his Warden. Dissatisfied with the Warden's response, on September 1, 2000, he appealed to the Bureau of Prisons. The Bureau denied his appeal. In its response, the Bureau found that concurrent service was not consistent with the intent of the sentencing federal court or the goals of the criminal justice system.

Then, on October 13, 2000, Dorsett again challenged his federal sentence. This time, Dorsett filed a Rule 35(a) motion, which requires a federal district court to correct its sentence on remand after an appeals court determines a sentence to be illegal, incorrect, or unreasonable. Section T of this Court denied this motion, holding that Dorsett was not entitled to Rule 35(a) relief because the appeals court never determined that Dorsett's sentence was illegal, incorrect, or unreasonable.

Now, Dorsett challenges his sentence once again.[1] On February

---

[1] This case was reassigned from Section T to this Section of Court on February 6, 2007.

3

7, 2011, Dorsett filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. In this habeas petition, Dorsett renews his objection to his sentence computation: relying on the state judge's order, Dorsett once again requests that his sentences run concurrently. Based on credit for time served in state custody, Dorsett believes that he has completed his federal sentence. He therefore requests that this Court release him from federal custody immediately.

I.

A federal prisoner may file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 allows a prisoner in federal custody to challenge his sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose it, if it was in excess of the maximum authorized by law, or if it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, all § 2255 motions are subject to a one-year statute of limitations. The limitations period for a § 2255 motion runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially

4

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A motion filed over a year after the latest of these dates must be denied as untimely.

II.

In order for Dorsett to be eligible for relief under § 2255(a), his petition must be timely under § 2255(f). Under § 2255(f)(1), Dorsett had one year from the date on which his judgment of conviction became final to file his petition. Dorsett's judgment of conviction became final on June 15, 1997–90 days after the Fifth Circuit dismissed his appeal. See Clay v. United States, 537 U.S. 522, 525 (2003). Nearly 15 years have passed since that date. Accordingly, under § 2255(f)(1), Dorsett's habeas petition is time barred.[2]

Dorsett does not address in his motion whether subsections (2), (3), or (4) of § 2255(f) might apply. Dorsett could not have argued that subsection (3) applies, and he raises no arguments

---

[2] Dorsett admits this. In his motion, he concedes that his habeas petition is untimely under § 2255(f)(1), but he offers an excuse. He explains that he could not have challenged his federal sentence until the end of his state sentence, when he was transferred back from state to federal custody, and informed that his federal and state sentences would not run concurrently. Dorsett claims that when he realized this, he "responded as soon as he was able to file."

5

based on subsections (2) and (4).[3]  Even if he had, his habeas petition would still be time barred.

Even if Dorsett were initially prevented from filing his habeas petition, it is undisputed that once he was returned to federal custody, he became aware that his federal and state sentences would not run concurrently and that he would not receive credit for time served.  Dorsett was returned to federal custody in 2000.  It is now 2012.  Dorsett's habeas petition is over 10 years too late.[4]

Accordingly, Dwayne Dorsett's § 2255 motion to vacate, set aside, or correct sentence is DENIED.

New Orleans, Louisiana, March 5, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] The U.S. Attorney addresses these arguments in his memorandum in support of the Government's objection to Dorsett's motion.  The Government points out that Dorsett is scheduled to be released from federal custody on June 8, 2013.

[4] Even if Dorsett's habeas petition were somehow timely, Dorsett has failed to invoke any of § 2255's prescribed bases for relief: Dorsett does not argue that his sentence is constitutionally or legally infirm, nor that the sentencing court was without jurisdiction.  In short, the relief Dorsett seeks is outside the scope of his § 2255 habeas petition.